UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHERROD BLANDING, #14006912,

                      Plaintiff,

        -against-

MICHAEL SPOSATO, ARMOUR[sic] HEALTH
INC., DR. BIJU, DR. LAURA SLABODKINA,

                    Defendants.
-----------------------------------------------------------------X

**ORDER**
15–CV–1178 (JMA)(AKT)

**AZRACK, United States District Judge:**

On February 26, 2015, incarcerated *pro se* plaintiff Sherrod Blanding ("plaintiff") commenced this action against Nassau County Sheriff Michael Sposato ("Sheriff Sposato"), Armor Correctional Health Services of New York, Inc. s/h/a as Armour Health Inc. ("Armor"), Dr. Biju, and Dr. Laura Slabodkina (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights.   Accompanying the complaint is an application to proceed *in forma pauperis*.   The court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

## I.     BACKGROUND

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form.[1]   In its entirety, plaintiff's statement of claim alleges:[2]

Neg on behalf of staff not posting a (wet floor sign) hereby causing me to injure

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order.   See, e.g., Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

myself and having to receive stiches (7) in right middle finger knucle.    On 10-19-14, Housing unit (E-1-G) Approx 10 pm Sun eve, the floor area at bottom of stairs was wet.    There was no (wet floor sign) posted.

(Compl. ¶ IV, ECF No.1.)    As a result, plaintiff claims to have received a gash on his right hand and "pain in [his] arm (Right)- hand, numbness in fingers, sharp pain in lower back, neck, left elbow.    (Id. ¶ IV.A.)    Although plaintiff alleges that he received seven stitches, he claims that the "medical treatment received [was] very limited."    (Id.)

For relief, plaintiff seeks to recover a "money judgment" of an unspecified sum as "compensatory, punitive and exemplary damages . . . ."    (Id. ¶ V.)

## II.    DISCUSSION

### A.    *In Forma Pauperis* **Application**

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.    28 U.S.C. § 1915(a)(1).    Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B.    **Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."    28 U.S.C. § 1915A(b)(1).    Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).    The Court

must dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).   In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."   Id. at 678.   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   Id. at 678 (quoting Twombly, 550 U.S. at 555).

## C.   Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the

3

> United States . . . to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a § 1983 claim, a plaintiff must allege two essential elements.  First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates."  Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d

Cir. 2003).   An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'"   Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)).   Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law.   See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1.      Claims Against Sheriff Sposato, Dr. Biju, and Dr. Slabodkina

As discussed above, a § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law.   Johnson, 360 F. App'x at 201.   Although plaintiff names Sheriff Sposato, Dr. Biju, and Dr. Slabodkina as defendants, the complaint contains no allegations or references to any of them and, accordingly, plaintiff has not alleged a viable § 1983 claim against these defendants.   Given the absence of any allegations of conduct or inaction attributable to any of the individual defendants, plaintiff's claims against them are implausible and are therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2.      Claims Against Armor

"Armor is a private company that provides medical services for inmates at the [NCCC] pursuant to a contract with the Nassau County Sheriff's Department."   Whitenack v. Armor Medical, No. 13–CV–2071, 2014 WL 5502300, at *9 (E.D.N.Y. Oct. 30, 2014) (internal quotation marks and citation omitted).   Assuming for purposes of this order, that Armor was acting under color of state law in rendering medical services to plaintiff at the Nassau County Correctional Center, see, e.g., Feder v. Sposato, No. 11–CV–93, 2014 WL 1801137, at * 6 (E.D.N.Y. May 7, 2014) ("[b]ecause Armor was hired to fulfill the state's constitutional obligation to provide necessary medical care for its inmates, [it][was] 'acting under the color of

state law' for purposes of Section 1983"), Armor may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990); see also Green v. City of New York, 465 F.3d 65, 82 (2d Cir. 2006) (finding that a hospital was not vicariously liable for any constitutional torts that its employees may have committed). "Although Monell [v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)] dealt with municipal employers, its rationale has been extended to private businesses [acting under color of state law]." Rojas, 924 F.2d at 409; see also Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 432 (S.D.N.Y. 2012) (holding that Monell has been extended to private Section 1983 defendants acting under color of state law).

Here, as is readily apparent, plaintiff's sparse complaint does not include any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Armor.   Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against Armor, such claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**D.    Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795–96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to

6

amend his complaint." <u>Boddie v. New York State Div. of Parole</u>, No. 08–CV–911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting <u>Frazier v. Coughlin</u>, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." <u>Id.</u> (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 15–CV–1178(JMA)(AKT), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against the defendants in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, this case shall be closed.

Plaintiff is cautioned that, insofar as he seeks to impose liability on a defendant for "neg[ligence] on behalf of staff not posting a (wet floor sign)," (Compl. ¶ IV), such claim does not implicate a constitutional deprivation. Plaintiff claims only that he slipped on a wet floor and that there was no warning sign posted. (<u>Id.</u>) At best, plaintiff has alleged a negligence claim. <u>Daniels v. Williams</u>, 474 U.S. 327, 330–31 (1986) (negligence claims do not rise to the level of a constitutional violation); <u>see also</u> <u>Carr v. Canty</u>, No. 10–CV–3829, 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011) ("'[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [] alleges that the individual defendants had notice of the wet condition but failed to address it.'"), quoting

Edwards v. City of New York, No. 08–CV–5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009); Jennings v. Horn, No. 05–CV–9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); see also Powers v. Gipson, No. 04–CV–6883, 2004 WL 2123490 (W.D.N.Y. Sept. 14, 2004) (sua sponte dismissing in forma pauperis complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, explaining that "[t]he claim that defendants were negligent in failing to clean up the water that caused plaintiff to slip, without more, fails to provide him with a basis for a federal claim, since mere negligence on the part of state officials is not actionable under § 1983").

However, to the extent that plaintiff seeks to pursue a Section 1983 claim for inadequate medical treatment, plaintiff is advised that he "must allege 'acts or omissions sufficiently harmful to evidence the deliberate indifference standard.'" Johns v. Goord, No. 09–CV–1016, 2010 WL 3907826, at *2 (N.D.N.Y. Sept. 30, 2010) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To establish an Eighth Amendment[3] violation arising out of inadequate medical treatment a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Estelle, 429 U.S. at 104); see also Kasiem v. Switz, No. 09–CV–9361, 2010 WL 3744183, at *1 (S.D.N.Y. Sept. 22, 2010) (examination to address prisoner's alleged medical condition that resulted in no treatment being prescribed did not establish a showing of seriousness of or deliberate indifference to his medical needs); but see

---

[3] Although plaintiff does not allege whether he is a pre-trial detainee or a convicted inmate, such distinction is of no moment given that the standard for deliberate indifference is the same whether brought under the Eighth or the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 71–72 (2d Cir. 2009) (holding that the same standard applies to claims by convicted prisoners under the Eighth Amendment and pretrial detainees' claims under the Fourteenth Amendment).

Ingram v. Steel, No. 04–CV–5918, 2006 WL 2349241, at *3 (S.D.N.Y. Aug. 15, 2006) (holding after a slip and fall in shower prisoner alleged no x-ray was given nor any treatment given was sufficient to withstand a motion to dismiss).

"[T]he deliberate indifference standard embodies both an objective and subjective prong."  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).  The objective prong requires the prisoner to allege a "sufficiently serious" injury.  Id.  The Second Circuit has defined a sufficiently serious injury as "a condition of urgency, one that may produce death, degeneration, or extreme pain."  Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (citation omitted).  The subjective prong requires the prisoner to show the charged official acted with a "sufficiently culpable state of mind."  Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  The United States Supreme Court has stated that the subjective element "entails something more than mere negligence [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  Farmer v. Brennan, 511 U.S. 825, 835 (1994).

### III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).   Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.   Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 15–CV–1178 (JMA)(AKT), and shall be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).


**SO ORDERED.**

_____/s/(JMA)_____
Joan M. Azrack

Dated:    April 1, 2015                              United States District Judge
          Central Islip, New York

10