UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHERROD BLONDING, #14006912,

                        Plaintiff,

         -against-

MICHAEL SPOSATO, ARMOUR [sic] HEALTH, INC.,
DR. BIJU, and DR. LAURA SLABODKINA,

                      Defendants.
-------------------------------------------------------------------X

FILED
CLERK
1/13/2016 3:58 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
15-CV-1178 (JMA) (AYS)

**AZRACK, United States District Judge:**

      Before the Court is the application from incarcerated pro se plaintiff Sherrod Blonding ("plaintiff") for the appointment of pro bono counsel to represent him in this case. For the reasons that follow, the application for the appointment of pro bono counsel is denied without prejudice and with leave to renew at the time this case is marked ready for trial, if so warranted at that time. Insofar as plaintiff requests an adjournment of this case until he is released, on or about November 26, 2015, the application is denied as moot.[1]

      Plaintiff was to serve his opposition to defendants' motion to dismiss by October 21, 2015. To date, it does not appear that plaintiff has responded or requested an extension of time, although he has filed the instant motion. Given plaintiff's pro se status and out of an abundance of caution, the Court orders defendants to serve a copy of their motion on plaintiff at his last known address, and file an affidavit of service with the Court, by February 27, 2016. If plaintiff fails to respond to the motion by March 27, 2016, the motion will be deemed unopposed.

---

[1] The Court notes that plaintiff has included a residential address on his application as well as a notation that he may be transferred to Downstate Correctional Facility and then released. (See Docket Entry 28 at 4.) Thus, it is unclear whether he seeks to update his address. Plaintiff should complete and return the enclosed change of address form if he wishes to change his address.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principles.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171−72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61−62 (2d Cir. 1986).

The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. A developed record assists the court in this regard. See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application together with the pleadings and finds that the appointment of counsel is not warranted at this stage of the litigation. The Court has considered the Hodge factors in the context of plaintiff's application and amended complaint. Even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this juncture, to conclude that the appointment of counsel is warranted. Specifically, despite the

concerns raised in plaintiff's motion, the Court concludes that plaintiff is able to prosecute his case at this stage of the litigation. In reaching this determination, the Court finds that plaintiff has proven able to pursue his case, and that there is no special reason to appoint counsel.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff's renewal of the application at the conclusion of discovery, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

## CONCLUSION

For the reasons set forth above, plaintiff's application for the appointment of pro bono counsel is denied without prejudice to plaintiff renewing the application at the conclusion of discovery, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter. Plaintiff's request to stay this matter is denied as moot.

The Court orders defendants to serve a copy of their motion on plaintiff at his most recent address, and file an affidavit of service with the Court, by February 27, 2016. If plaintiff fails to respond to this motion before March 27, 2016, the motion will be deemed unopposed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444−45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED**.

Date:   January 13, 2016
        Central Islip, New York

                                                                /s/ (JMA)
                                                          Joan M. Azrack
                                                          United States District Judge