UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                              For Online Publication Only
-------------------------------------------------------------X
SHERROD BLONDING,

        Plaintiff,

   V.-                                                                       **ORDER**
                                                             15-CV-1178 (JMA) (AYS)

MICHAEL SPOSATO et al,

        Defendants.
-------------------------------------------------------------X

**AZRACK, United States District Judge:**

    Incarcerated pro se plaintiff Sherrod Blonding commenced this action on February 26, 2015. On June 30, 2015, defendant Sposato filed a request for a pre-motion conference for leave to move to dismiss the complaint. On July 10, 2015, defendants Armour Health, Inc., Dr. Biju, and Dr. Laura Slabodkina (hereinafter the "Armour Defendants") filed a request for a pre-motion conference for leave to move to dismiss the complaint. In an order dated July 15, 2015, the Court gave plaintiff until August 14, 2015 to submit a response to the pre-motion conference letters. A copy of the order was mailed to plaintiff at his address on the docket sheet. Plaintiff never submitted a response to the pre-motion conference requests.

    In an order dated August 21, 2015, the Court waived the pre-motion conference requirement and set a briefing schedule. A copy of the order was mailed to plaintiff at his address on the docket sheet. Defendants were to serve their respective motions on September 21, 2015; plaintiff's opposition was due on October 21, 2015; and defendants reply was due on November 4, 2015. Defendants filed their motions on September 21, 2015.

    On November 11, 2015, plaintiff filed a motion to appoint counsel, but did not include an opposition to the motions to dismiss or a request for an extension of time to oppose the motion. On November 16, 2015, plaintiff filed a one-page letter informing the Court that he was

1

currently incarcerated at Downstate Correctional Facility and that his expected release date was November 27, 2015. On December 4, 2015, defendant Sposato filed a letter addressing plaintiff's November 11, 2015 application and requesting that the motion to dismiss be granted as unopposed and that plaintiff's complaint be dismissed for failure to prosecute. Sposato's counsel mailed this letter to plaintiff at both the Downstate Correctional Facility and to an address in Uniondale that plaintiff had mentioned in his motion to appoint counsel. Plaintiff did not respond to this letter.

In an order dated January 13, 2016, the Court denied plaintiff's application to appoint counsel and ordered defendants to serve a copy of their motion on plaintiff at his most recent address. The order warned plaintiff that if he failed to respond to the motion before March 27, 2016, the motion would be deemed unopposed. A copy of the order and a Change of Address Form was mailed by the Court to plaintiff's address of record, which was the Downstate Correctional Facility. That mailing was returned by the postal service as undeliverable on January 21, 2016. Defendants also mailed copies of this order to plaintiff at the Downstate Correctional Facility.

In an order dated May 2, 2016, the Court gave plaintiff until May 31, 2016 to file an opposition to defendants' motions to dismiss, or to indicate by letter to the Court that he does not wish to file an opposition, but still intends to prosecute this lawsuit. Plaintiff was warned that failure to respond to the order could result in dismissal of this action for failure to prosecute. A copy of this order, along with a copy of the January 13, 2016 order and a Change of Address form, was mailed to plaintiff at the Downstate Correctional Facility address listed on the docket sheet, and to 674 Waypark Avenue, Uniondale, NY 11553, the other address mentioned in his motion to appoint counsel. The mailing sent to Downstate Correctional Facility was returned

2

marked "Return to sender/no longer here." To date, the Court has not received any correspondence from plaintiff.

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, that "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). District courts also have the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Plaintiff never responded to the May 2, 2016 order. The Court warned plaintiff that failure to respond to the order could result in dismissal of the case. The Court has considered the relevant factors and concludes that plaintiff's failure to comply with this order warrants dismissal of the case for failure to prosecute. Accordingly, plaintiff's claims are dismissed, without prejudice, subject to plaintiff's right to reinstate the action within thirty (30) days upon a showing of good cause. The Clerk of Court is directed to close this case and to mail a copy of

this order to plaintiff at the address listed on the docket sheet and to plaintiff at 674 Waypark Avenue, Uniondale, NY 11553.

**SO ORDERED.**

Date: July 29, 2016
      Central Islip, New York                               /s/ Joan M. Azrack
                                                                          Joan M. Azrack
                                                                          United States District Judge